UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LESLIE DEAN GREER,

                Petitioner,                Case No. 13-cr-20273

v.                                            Honorable Thomas L. Ludington
                                                 Magistrate Judge Patricia T. Morris

UNITED STATES OF AMERICA,

                Respondent.

_____/

**ORDER DISMISSING PETITIONER'S MOTION TO VACATE SENTENCE PURSUANT TO PETITIONER'S REQUEST, AND CLOSING CIVIL ACTION**

On June 14, 2016, Petitioner Leslie Dean Greer filed a motion, via counsel, to vacate his sentence under 28 U.S.C. § 2255. *See* ECF No. 20. He argues in that motion that pursuant to the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015) (striking down the residual clause of the Armed Career Criminal Act as unconstitutionally vague), his sentence under the residual clause of the career offender provision of the United States Sentencing Guidelines must be vacated. On June 23, 2016, Greer filed a second motion to vacate, which he prepared without the aid of counsel.[1] ECF No. 22. Both motions were referred to Magistrate Judge Patricia T. Morris. ECF No. 24. She immediately issued a text-only order finding Greer's pro se motion moot because his counsel had filed a motion making an identical argument. On September 7, 2016, the Government filed a motion to stay the proceedings pending the outcome of *Beckles v. United States,* 136 S.Ct. 2510 (2016). ECF No. 26.  That motion was referred to and granted by Magistrate Judge Patricia T. Morris. *See* ECF No. 28, 29.

---

[1] Like the motion to vacate filed by his counsel, this motion relies solely on *Johnson* in seeking relief.

On March 6, 2017 the Supreme Court reached a decision in *Beckles*, holding that the sentencing guidelines are not subject to void for vagueness challenges under the Fifth Amendment Due Process clause. *See Beckles v. United States*, No. 15-8544, 2017 WL 855781, at *3 (U.S. Mar. 6, 2017). Subsequent to that opinion, Petitioner Greer has given notice that he wishes to voluntarily dismiss his § 2255 petition. *See* ECF No. 30. The petition will therefore be dismissed.[2]

It is **ORDERED** that Petitioner Greer's motion to vacate sentence under 28 U.S.C. § 2255, ECF No. 20, is **DISMISSED**.

It is further **ORDERED** that the corresponding civil action, *Greer v. United States,* 16-cv-12192 (E.D. Mich. June 14, 2016), is **CLOSED**.

Dated: April 5, 2017                                        s/Thomas L. Ludington
                                                                         THOMAS L. LUDINGTON
                                                                         United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2017.

s/Kelly Winslow for
MICHAEL A. SIAN, Case Manager

---

[2] The effect the filing and voluntary dismissal of the petition may have on Greer's rights and obligations under 28 U.S.C. § 2255(h) will be determined if and when he attempts to file a subsequent petition.