UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 13-CR-20273
                                      Honorable Thomas L. Ludington

LESLIE DEAN GREER,

        Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE WITH PREJUDICE

On August 20, 2013, Defendant Leslie Dean Greer pled guilty to one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). ECF No. 12. He was sentenced to 140 months imprisonment. ECF No. 19. He is currently housed at Federal Correctional Institute, Milan ("FCI Milan"), in Washtenaw County, Michigan.

On May 27, 2020, Defendant filed a *pro se* motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF No. 32. His motion was denied without prejudice for failure to exhaust his administrative remedies. ECF No. 33. On August 17, 2020, Defendant refiled his motion *pro se* and included evidence of exhaustion. ECF No. 34. Plaintiff, the United States of America (the "Government"), responded on September 2, 2020. ECF No. 35. Defendant thereafter filed a reply brief and two supplemental briefs, each with substantially identical content. ECF Nos. 36, 37, 38. For the reasons stated below, Defendant's motion for compassionate release will be denied with prejudice.

## I.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that…extraordinary and compelling reasons warrant such a reduction…and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission

18 U.S.C. § 3582(c)(1)(A). The statute provides three inquiries that must be addressed in resolving Defendant's motion for compassionate release. First, whether Defendant fully exhausted his administrative remedies with the Bureau of Prisons (the "BOP"). Second, whether a sentence reduction is warranted in consideration of the factors set forth in 18 U.S.C. § 3553. Finally, whether "extraordinary and compelling reasons warrant such a reduction" and whether the reduction is consistent with the applicable Sentencing Commission policy statements. Each inquiry will be addressed in turn.

## A.

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust his administrative remedies with the BOP or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020). On July 14, 2020, Defendant sent an electronic request for compassionate release to the warden, citing his health condition. ECF No. 34 at PageID.158. There is no indication that the warden responded, and at least 30 days have since elapsed. ECF No. 35 at PageID.168. Accordingly, Defendant has exhausted his administrative remedies with the BOP.

**B.**

The next consideration is whether the sentence reduction is warranted under the factors of 18 U.S.C. § 3553(a). They are as follows:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;
>
> (4) the kinds of sentence and the sentencing range established for--
>
>> (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines…
>
> (5) any pertinent policy statement…
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Defendant's underlying conviction is for one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C). ECF No. 12. Drug-related

offenses are serious, and with a projected release date of May 12, 2022, a substantial portion of his sentence remains. Additionally, this was not Defendant's first drug-related offense. According to the Presentence Investigation Report, Defendant was convicted of manufacture or delivery of marijuana in 2007 after police searched his residence and discovered 252 grams of marijuana and several firearms. Furthermore, as explained in Section I.C.2. below, Defendant's extensive criminal history, including multiple weapons offenses, demonstrates that his release would pose a danger to others or the community.

In his two supplemental briefs, Defendant asks the Court to consider that if he were resentenced today, his 2007 conviction for manufacture or delivery of marijuana would no longer qualify as a predicate offense. ECF No. 36 at PageID.186 (citing *United States v. Havis*, 927 F.3d 382, 384 (6th Cir.), *reconsideration denied*, 929 F.3d 317 (6th Cir. 2019)). Defendant is mistaken. The Sixth Circuit recently held that "[t]here is no meaningful difference between the federal offense of distribution and the Michigan offense of delivery." *United States v. Thomas*, 969 F.3d 583, 585 (6th Cir. 2020) (rejecting argument that Michigan conviction for delivery of heroin was not predicate offense for career offender designation). If he were resentenced today, Defendant would still be designated as a career offender despite *Havis*.

Accordingly, after due consideration of the § 3553 factors, a sentence reduction is not warranted in this case.

## C.

The next inquiries to be resolved are whether "extraordinary and compelling reasons warrant such a reduction" and whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Sentencing Commission promulgates the

United State Sentencing Guidelines ("U.S.S.G."). The applicable policy statement is found in U.S.S.G. § 1B1.13, which provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment…if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that--
>
> (1)(A) Extraordinary and compelling reasons warrant the reduction;…
>
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. Defendant has failed to show an extraordinary and compelling reason for release and that he would not pose a danger to others or the community if released.

**1.**

The commentary of the policy statement provides additional guidance about which circumstances qualify as extraordinary and compelling reasons. It provides:

> [E]xtraordinary and compelling reasons exist under any of the circumstances set forth below:
>
> (A) Medical Condition of the Defendant.--
>
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>
> (ii) The defendant is--
>
> (I) suffering from a serious physical or medical condition,
>
> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

      that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

    (B) Age of the Defendant.--The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

    (C) Family Circumstances.--

        (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

        (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

    (D) Other Reasons.--As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13. Defendant is a 48-year-old, overweight male that suffers from "childhood asthma," hypertension, and a hand injury that has confined him to "light duty." ECF No. 34 at PageID.156; ECF No. 35 at PageID.167. Defendant also suffers from thrombocythemia and thrombocytosis, "conditions in which [the] blood has a higher than normal number of platelets." ECF No. 35 at PageID.167; Thrombocythemia and Thrombocytosis, National Heart, Lung, and Blood Institute, https://www.nhlbi.nih.gov/health-topics/thrombocythemia-and-thrombocytosis [https://perma.cc/K89K-P28R] (last visited Oct. 7, 2020). Defendant alleges that his immune system is "weakened" by his blood disorder and that, as a result, he is "vulnerable to [COVID-19]." ECF No. 34 at PageID.156.

    Subsection (A) requires that Defendant suffer from either a "terminal illness" or a "serious physical or medical condition" that "substantially diminishes" his ability to provide self-care within the custodial environment. U.S.S.G. § 1B1.13. None of Defendant's conditions, even in

combination with the risk of COVID-19, satisfy subsection (A). "[C]ourts have declined to grant compassionate release based on a diagnosis of hypertension where no other high-risk medical conditions are present." *United States v. Nash*, No. CR12-23RSM, 2020 WL 4758260, at *3 (W.D. Wash. Aug. 17, 2020). Defendant appears to have no other high-risk medical conditions." *See* People With Medical Conditions, CDC (Sept. 11, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#serious-heart-conditions [https://perma.cc/CW7S-48BS] (listing risk factors for developing serious COVID-19 illness). Defendant's BMI indicates that he is overweight, rather than obese, ECF No. 35 at PageID.167, and Defendant does not claim to still experience symptoms of asthma.[1] Similarly, the CDC has not identified thrombocythemia and thrombocytosis as risk factors, despite identifying other blood disorders such as sickle cell disease and thalassemia.[2]

Defendant has, at most, alleged an elevated risk of developing a serious COVID-19 infection. However, "a generalized risk of contracting COVID-19 and potentially developing the more severe symptoms is not akin to the type of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020). Furthermore, while Defendant complains of the custodial environment, the situation at FCI Milan has improved dramatically since the start of the pandemic. The facility is currently reporting only one active infection in a staff member. COVID-19, Bureau of Prisons, https://www.bop.gov/coronavirus/ [https://perma.cc/7CDX-YAKG] (last visited Oct. 7, 2020). Furthermore, Defendant has not alleged that the medical care at FCI Milan is inadequate. To the

---

[1] Indeed, Defendant does not mention asthma of any sort in his request for compassionate release to the warden. ECF No. 34 at PageID.158.
[2] Defendant's allegation that his immune system is "weakened" thus seems mistaken. He does not claim to take immune-compromising medication, and there is no indication that his blood conditions weaken the immune system. *See* Thrombocythemia and Thrombocytosis, *supra*.

contrary, he admits that his blood conditions were discovered last year, while in custody, and that he currently manages his hypertension with medication. ECF No. 34 at PageID.156; ECF No. 37 at PageID.192. Without minimizing Defendant's concerns, "the pandemic is a global phenomenon and some risk is inherent no matter where [Defendant] resides, either at home or in prison." *United States v. Ball*, No. 14-20117, 2020 WL 4816197, at *6 (E.D. Mich. Aug. 19, 2020) (denying compassionate release to 48-year-old with hypertension and obesity). Accordingly, Defendant's situation does not satisfy subsection (A).

The other subsections provided in the policy statement commentary are clearly inapplicable. Defendant's situation does not qualify as "extraordinary and compelling" under subsection (B) of the policy statement commentary because he is 48 years old. Additionally, he does not qualify under subsection (C) because he has not alleged the death or incapacitation of a spouse or caregiver of his minor children. Accordingly, Defendant has not shown an extraordinary or compelling reason for release.

### 2.

The policy statement further directs the Court to consider the factors in 18 U.S.C. § 3142 in determining whether the defendant would be a danger to others or the community. The § 3142 factors are:

> (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including--
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse,

> criminal history, and record concerning appearance at court proceedings; and
>
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release…

18 U.S.C. § 3142(g). These factors strongly support the conclusion that Defendant would be a danger to others or the community if released. Defendant's Presentence Investigation Report reveals a lengthy criminal history, including multiple weapons offenses. In 1993, Defendant was twice convicted of carrying a concealed weapon. While on probation for the weapons convictions, Defendant was arrested for assault with intent to rob while armed and related burglary offenses. He was convicted in 1995 and sentenced to five to 20 years in custody. He was paroled in 1998. In 2007, Defendant was arrested for and later convicted of one count of manufacturing or delivering marijuana and one count of being a felon in possession of a firearm. Defendant was arrested after police searched his residence and discovered four firearms and over 250 grams of marijuana. He was sentenced to 365 days in custody and 24 months of probation. Later the same year, Defendant was again arrested and convicted for being a felon in possession of a firearm. In 2013, Defendant was convicted of the underlying offense: one count of possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a) and (b)(1)(C).

Defendant's numerous weapons offenses, some committed while he was a felon, raise significant concerns that his release would endanger the community. Furthermore, "[t]he concern about safety is to be given a broader construction than the mere danger of physical violence. Safety of the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)

(internal quotation marks omitted). "[D]rug trafficking is a serious offense that, in itself, poses a danger to the community." *United States v. Stone*, 608 F.3d 939, 947 (6th Cir. 2010).

According to Defendant, "it belies logic to suggest that [he] would come out of prison ready to make the same mistakes [he] did [seven] years ago." ECF No. 37 at PageID.193. His alarming history of convictions and supervision violations, however, suggests otherwise. Several terms of incarceration have apparently failed to deter or reform Defendant, and he has provided no convincing reason why release now would be any different. That is not to say that Defendant's time in custody has been insignificant. Defendant seems to be taking rehabilitation seriously and has invested considerable time into RDAP (Residential Drug Abuse Program) and an apprenticeship program. *See* ECF No. 37 at PageID.192–93. While Defendant's commitment is noteworthy, it fails to overcome the heavy weight of his criminal history and repeated disregard for supervision. Accordingly, Defendant has failed to show that he would not be a danger to others or the community if released.

**II.**

Accordingly, it is **ORDERED** that Defendant Leslie Dean Greer's Motion for Compassionate Release, ECF No. 34, is **DENIED WITH PREJUDICE.**

Dated: October 14, 2020

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means and to **Leslie Dean Greer** #48560-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on October 14, 2020.

s/Kelly Winslow
KELLY WINSLOW, Case Manager